IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YANCEY D. TAYLOR,<br><br>      *Plaintiff*,<br><br>v.<br><br>INDIGO PARTNERS, LLC,<br>FRONTIER GROUP HOLDINGS, INC.,<br>FRONTIER AIRLINES HOLDINGS, INC.,<br>FRONTIER AIRLINES, INC.,<br><br>      *Defendants*. | Case No.:<br><br>Removed from:<br>Court of Common Pleas of<br>Allegheny County, Pennsylvania<br>Docket No.: GD-18-009982 |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants FRONTIER AIRLINES, INC., INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., and FRONTIER AIRLINES HOLDINGS, INC. (collectively "Defendants") hereby remove the above-captioned civil action in its entirety from the Court of Common Pleas of Allegheny County, Pennsylvania, Docket No. GD-18-009982, to the United States District Court for the Western District of Pennsylvania. In support of their Notice of Removal, which is based on diversity jurisdiction, Defendants state as follows:

1. This personal injury action arises out of an incident that allegedly occurred on December 5, 2016, onboard Frontier Flight 1093 from Pittsburgh, Pennsylvania to Las Vegas, Nevada.

2. On August 2, 2018, Plaintiff Yancey D. Taylor ("Plaintiff") filed this civil action in the Court of Common Pleas of Allegheny County, Pennsylvania, Docket No. GD-18-009982, asserting one count of negligence against all Defendants. (Complaint attached as Exhibit A.)

3. In his Complaint, Plaintiff alleges that he was a passenger onboard Frontier Airlines Flight 1093 and that while he was asleep, "a flight attendant violently slammed a drink cart into [his] right knee, startling him [and] causing his head to violently hit the back of his seat." (Exhibit A, ¶ 11.)

4. Plaintiff served his Complaint on August 8, 2018 via Certified Mail. (Exhibit A, p.1.) This Notice of Removal is being filed within 30 days of receipt of Plaintiff's initial pleading and is therefore timely under 28 U.S.C. § 1446(b)(1).

5. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

6. Here, under 28 U.S.C. § 1332(a)(2)(1) and 28 U.S.C. 1441(b)(2), there is complete diversity of citizenship between Plaintiff and Defendant Frontier Airlines, Inc., the only properly joined Defendant in this action. Plaintiff, Yancey D. Taylor, an individual, is a citizen of Washington County, Pennsylvania. (Exhibit A, ¶ 1.) Defendant Frontier Airlines, Inc. ("Frontier") is a corporation. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Frontier is incorporated in Colorado and has its principal place of business in Denver, Colorado. Since Plaintiff and Frontier are citizens of different states, there is complete diversity among the parties which provides this federal court with original jurisdiction. Further, since Plaintiff alleges that he was a ticketed passenger on a Frontier Airlines flight and that a Frontier Airlines flight attendant

struck his knee with a beverage cart, Defendant Frontier Airlines, Inc. is the only properly joined Defendant to this action. (Exhibit A, ¶¶ 9, 11.)

7. Nonetheless, Defendants note that the remaining improperly joined Defendants are not citizens of Pennsylvania, and, therefore, there is complete diversity of citizenship between Plaintiff and Defendants. Defendant Frontier Group Holdings, Inc.[1] is a corporation. It is incorporated in Delaware and has its principal place of business in Denver, Colorado. Defendant Frontier Airlines Holdings, Inc.[2] is also a corporation incorporated in Delaware with its principal place of business in Denver, Colorado. Defendant Indigo Partners, LLC[3] is a limited liability company. It is an Arizona private equity and venture capital firm that makes investments in the air transportation industry. Since Plaintiff is not a citizen of either Colorado or Arizona, there is complete diversity among the parties which provides this federal court with original jurisdiction.

8. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Frontier asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs, for the following reasons:

---

[1] Defendant Frontier Group Holdings, Inc. is not a properly joined party to this action. "[I]t is a separate legal entity, with an existence independent of individuals who compose it." *United States v. Sain*, 141 F.3d 463, 474 (3d Cir. 1998). "Pennsylvania treats artificial entities such as corporations and limited liability companies ("LLCs") as legally distinct and separate from their shareholders or members." *Tisone v. Berardino*, No. 16-167, 2016 U.S. Dist. LEXIS 177005, at *16 (W.D. Pa. Dec. 22, 2016). "Although a parent and a wholly owned subsidiary do share common goals, they are still recognized as separate and distinct legal entities." *Id.* at *16. Defendant Frontier Group Holdings, Inc. expressly reserves its right to file a Motion to Dismiss on this issue (and any other) issue.

[2] Defendant Frontier Airlines Holdings, Inc. is not a properly joined party to this action and expressly reserves its right to file a Motion to Dismiss on this (and any other) issue.

[3] Defendant Indigo Partners, LLC is not a properly joined party to this action and expressly reserves its right to file a Motion to Dismiss on this (and any other) issue.

      a.      In his Complaint, Plaintiff "demands judgment against [Defendants] in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court." (Exhibit A, p.8.)

      b.      Plaintiff's Complaint asserts that as a result of the alleged incident, he has suffered knee pain, neck pain aggravated by herniated disc, aggravation of central spinal stenosis and spinal compression, aggravation of an asymptomatic preexisting condition, loss of balance, limited neck mobility, bruises and contusions in or about the nerves, muscles, bones, tendons, ligaments, tissues, and vessels of the lower extremities, and nervousness, emotional tension, anxiety, and depression. (Exhibit A, ¶ 12.) Plaintiff alleges that some or all of these injuries are permanent. *Id.* Plaintiff also alleges that as a result of the alleged incident, he has suffered great and continuing pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma, has undergone surgeries, may in the future undergo additional surgeries, has expended, and may in the future expend, "large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services," is unable to enjoy various pleasures he previously enjoyed, and has lost and impaired general health, strength, and vitality. *Id.* at ¶ 13.

      c.      Before he filed his lawsuit, on May 16, 2018, Plaintiff sent Frontier a written settlement demand. (Settlement Demand attached as Exhibit B.) Plaintiff demanded $250,000 to resolve his claim. *Id.* at p. 3.

      d.      "Where the complaint does not limit its request for damages to a precise monetary amount, the court may look to the notice of removal, and should make an independent evaluation of the value of the claim from the record before it, *i.e.,* the state court records, including the complaint, and the removal notice." *Cnty. of Wash., Pa. v. U.S. Bank Nat'l Assoc.*, No. 11-1405,

2012 U.S. Dist. LEXIS 125748, at *52 (W.D. Pa. Aug. 17, 2012). "In doing so, [the court] may look to the notice of removal, stipulations, and discovery evidence, including any settlement demands the plaintiff may have made." *Ciancaglione v. Sutherlin*, No. 04-CV-2249, 2004 U.S. Dist. LEXIS 18589, at *6 (E.D. Pa. Sept. 13, 2004) (citation omitted). "In a case for money damages, the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of [his] case." *Id.* (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997)). "[A] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Ciancaglione*, No. 04-CV-2249, 2004 U.S. Dist. LEXIS 18589, at *6-7 (citation omitted).

    e.    Here, Plaintiff attached his medical records to his written settlement demand[4] and provided specific information to support his claim. (Exhibit B.) Among other things, and consistent with the allegations in his Complaint, Plaintiff stated that he underwent an anterior cervical discectomy fusion and plating of C5-C6 vertebrae and underwent a diagnostic arthroscopy, partial medial meniscectomy, and injection. *Id.* He also stated that his physician has opined that he will require a total right knee arthroplasty in the "near future." *Id.*

    f.    Additionally, Plaintiff's written settlement demand states he continues to suffer from residual symptoms including pain and weakness in his right knee and stiffness in his neck, that his injuries are permanent in nature, and that as a result of his injuries, he is unable to pursue endeavors such as starting a non-profit organization for at risk youth. (Exhibit B.)

---

[4] In the interest of protecting Plaintiff's right to privacy, these documents are not attached to this Notice of Removal. However, these documents are available and will be submitted to the Court upon request.

g. Plaintiff's written settlement demand states that his medical bills are in excess of $111,000. *Id.* The Pennsylvania Department of Human Services has paid a portion of Plaintiff's medical's bills and asserted a lien in the amount of $27,296.47 against this claim. *Id.*

h. Defendants' assertion of the amount in controversy in this Notice of Removal is "not conclusory in nature and includes a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Jesmar Energy, Inc. v. Range Res. – Appalachia, LLC*, No. 17-928, 2017 U.S. Dist. LEXIS 169276, at *15-16 (W.D. Pa. Oct. 13, 2017). Defendants submit that this case is immediately removable pursuant to 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania.

10. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, and orders served on them in the State court record. (Exhibit A.)

WHEREFORE, Defendants FRONTIER AIRLINES, INC., INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., and FRONTIER AIRLINES HOLDINGS, INC. hereby remove this action from the Court of Common Pleas of Allegheny County, Pennsylvania, Docket No. GD-18-009982, to the United States District Court for the Western District of Pennsylvania.

Date:  August 28, 2018

Respectfully Submitted,

COHEN SEGLIAS PALLAS GREENHALL & FURMAN

By:___/s/ James McNally_____
James McNally, Esquire
PA I.D. No. 78341
525 William Penn Place
Suite 3005
Pittsburgh, PA  15219
jmcnally@cohenseglias.com
Counsel for Defendants, Frontier Airlines, Inc., Indigo Partners, LLC, Frontier Group Airlines Holdings, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Western District of Pennsylvania, using the CM/ECF System and futher certify that I caused a true and correct copy of this document to be served by first class mall, postage prepaid upon the following:

Kevin S. Burger
FRIDAY & COX, LLC
1405 McFarland Road
Pittsburgh, Pennsylvania 15216

**ATTORNEY FOR PLAINTIFF**

/s/ James McNally
James McNally, Esq.

5061378.1