IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YANCEY D. TAYLOR, | ) |
| *Plaintiff*, | ) ) ) ) |
| v. | ) Case No.: 2:18-cv-01148-MPK |
| INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., FRONTIER AIRLINES HOLDINGS, INC., FRONTIER AIRLINES, INC., | ) ) ) ) ) ) |
| *Defendant*. | ) |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants FRONTIER AIRLINES, INC., INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., and FRONTIER AIRLINES HOLDINGS, INC. (collectively "Defendants") by their undersigned attorneys for their Answer and Affirmative Defenses to Plaintiff Yancey D. Taylor's Complaint, state as follows:

1. Plaintiff Yancey Taylor is an adult individual residing at 446 Fifth Street, Donora, Washington County, Pennsylvania 15033.

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny them.

2. Defendant Indigo Partners, LLC, is a Nevada limited liability corporation with a registered address and principal place of business at 2525 East Camelback Road, Suite 800, Phoenix, Arizona 85016-4219. Defendant owns controlling interest in the following subsidiaries: Frontier Group Holdings, Inc., Frontier Airlines Holdings, Inc., and Frontier Airlines, Inc.

**ANSWER:** Defendants deny the allegations contained in Paragraph 2.

3. Defendant Frontier Group Holdings, Inc. is a Delaware corporation with a registered address at 7001 Tower Road, Denver, Colorado 80249. Defendant offers air transportation through the following subsidiaries: Frontier Airlines Holdings, Inc. and Frontier Airlines, Inc.

**ANSWER:** Defendants admit only that Frontier Group Holdings, Inc. is a Delaware corporation and has its principal place of business in Denver, Colorado. Defendants deny the remaining allegations contained in Paragraph 3.

4. Defendant Frontier Airlines Holdings, Inc. is a Delaware corporation with a registered address at 7001 Tower Road, Denver, Colorado 80249. Defendant offers air transportation as a subsidiary of Indigo Partners, LLC and Frontier Group Holdings, Inc.

**ANSWER:** Defendants admit that Frontier Airlines Holdings, Inc. is a Delaware corporation and has its principal place of business in Denver, Colorado. Defendants deny the remaining allegations contained in Paragraph 4.

5. Defendant Frontier Airlines, Inc. is a Colorado corporation with a registered address at 7001 Tower Road, Denver, Colorado 80249, and registered to conduct business in the Commonwealth of Pennsylvania, and at all relevant times was regularly conducting business in Allegheny County, Pennsylvania through Pittsburgh International Airport located at 1000 Airport Boulevard, Pittsburgh, Allegheny County, Pennsylvania 15231. Defendant offers air transportation as a subsidiary of Indigo Partners, LLC and Frontier Group Holdings, Inc.

**ANSWER:** Defendants admit only that Frontier Airlines, Inc. is a Colorado corporation, has its principal place of business in Denver, Colorado, and conducts business in the Commonwealth of Pennsylvania and at Pittsburgh International Airport in Allegheny County, Pennsylvania. Defendants deny the remaining allegations contained in Paragraph 5.

6. All defendants shall be collectively referred to herein as "Frontier defendants."

**ANSWER:** Paragraph 6 contains legal conclusions to which no response is required. In the event a response is deemed required, Defendants deny the allegations contained in Paragraph 6.

7. At all relevant times, Frontier defendants employed, licensed and/or contract for the services of flight attendants who acted as agents, ostensible agents, employees, representatives, assignees, licensees, contractors, and/or subcontractors of the Frontier defendants, under the control and supervision of the Frontier defendants, acting in furtherance of the business purposes of the Frontier defendants.

**ANSWER:** Defendants admit only that Frontier Airlines, Inc. ("Frontier") employed the flight attendants onboard Frontier Flight 1093. Defendants deny the remaining allegations contained in Paragraph 7.

8. At all relevant times, Frontier defendants acted through their agents, ostensible agents, employees, representatives, assignees, licensees, contractors and/or subcontractors in managing the flight, which plaintiff traveled, its staff and in administering services to passengers, including plaintiff.

**ANSWER:** Defendants admit only that Frontier employed the flight attendants onboard Frontier flight 1093 and that these flight attendants provided beverage service to passengers onboard Flight 1093. Defendants deny the remaining allegations contained in Paragraph 8.

9. At all relevant times, plaintiff was aboard Flight 1093, owned, operated and controlled by Frontier defendants, traveling from Pittsburgh, Pennsylvania to Las Vegas, Nevada; approximately a 6 hour flight.

**ANSWER:** Defendants admit only that Plaintiff was a ticketed passenger onboard Frontier Flight 1093 from Pittsburgh, Pennsylvania to Las Vegas, Nevada. Defendants deny the remaining allegations contained in Paragraph 9.

10. On December 5, 2016 at or about 2 hours into the flight, plaintiff was seated in row D-9 and asleep.

**ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore deny them.

11. Suddenly and without warning, a flight attendant violently slammed a drink cart into the plaintiff's right knee, startling him causing his head to violently hit the back of his seat.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11.

12. As a direct and proximate result of the aforementioned incident, plaintiff sustained the following injuries, some or all of which are or may be permanent:

    a. Knee pain;

    b. Neck pain aggravated by a herniated disc;

      c.      Aggravation of central spinal stenosis and spinal compression;

      d.      Aggravation of an asymptomatic preexisting condition;

      e.      Loss of balance;

      f.      Limited neck mobility;

      g.      Bruises and contusions in or about the nerves, muscles, bones, tendons, ligaments, tissues and vessels of the lower extremities; and

      h.      Nervousness, emotional tension, anxiety, and depression.

**ANSWER:** Defendants deny the allegations contained in Paragraph 12, including subparagraphs 12(a) through 12(h).

13.    As a direct and proximate result of the aforementioned incident, plaintiff suffered from the following damages, some or all of which are or may be permanent or may be continuing:

      a.      Great and continuing pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

      b.      He has been and may be required in the future have [sic] to face other surgeries;

      c.      He has been, and may continue to be, required to expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

      d.      Inability to enjoy various pleasures of life that he previously enjoyed; and

      e.      Loss and impairment of general health, strength and vitality.

**ANSWER:** Defendants deny the allegations contained in Paragraph 13, including subparagraphs 13(a) through 13(e).

## COUNT I – NEGLIGENCE

14.    All preceding paragraphs are incorporated herein by reference.

**ANSWER:** Defendants restate and incorporate their Answer to Paragraphs 1 through 13 as though fully set forth herein.

15. At all relevant times, Frontier defendants owned the aircraft carrying plaintiff and is therefore liable for the plaintiff's injuries pursuant to 74 Pa. Con. Stat. Ann. § 5503(b).

**ANSWER:** Paragraph 15 contains legal conclusions to which no response is required. In the event a response is deemed required, Defendants admit only those duties imposed by applicable law and deny the remaining allegations contained in Paragraph 15.

16. At all relevant times, Frontier defendants owned, operated, controlled, possessed and maintained the aircraft which plaintiff traveled in and owed plaintiff the highest degree of care.

**ANSWER:** Paragraph 16 contains legal conclusions to which no response is required. In the event a response is deemed required, Defendants admit only those duties imposed by applicable law and deny the remaining allegations contained in Paragraph 16.

17. At all relevant times, Frontier defendants held out to plaintiff, and the general public, that their staff were able to provide competent service to plaintiff and the general public.

**ANSWER:** Paragraph 17 contains legal conclusions to which no response is required. In the event a response is deemed required, Defendants admit only those duties imposed by applicable law and deny the remaining allegations contained in Paragraph 17.

18. At all relevant times, Frontier defendants owed duties and responsibilities to its passengers to provide competent service.

**ANSWER:** Paragraph 18 contains legal conclusions to which no response is required. In the event a response is deemed required, Defendants admit only those duties imposed by applicable law and deny the remaining allegations contained in Paragraph 18.

19. Plaintiff's injuries and damages were a direct and proximate result of Frontier defendants' negligence and carelessness, including the following particulars:

    a. In failing to create, adopt, or enforce procedures, rules and policies which would be adequate and ensure agents, ostensible agents, employees, assignees, licensees, representatives, contractors and subcontractors operate equipment, including beverage carts, safely;

b. In failing to create, adopt, or enforce procedures, rules and policies which would be adequate and ensure agents, ostensible agents, employees, assignees, licensees, representatives, contractors and/or subcontractors operate wheeled equipment at a reasonable rate of speed to ensure plaintiff's, and other passengers', safety, health and well-being;

c. In failing to select and retain competent staff and failing to oversee all services provided within their business of providing air transportation inasmuch as they failed to properly review the performance of their staff who were permitted to provide service for defendants, resulting in a partly or wholly incompetent and inattentive staff;

d. In failing to create and implement a training system which would adequately prepare and supervise staff, who were responsible for plaintiff's care;

e. In failing to provide beverage carts with proper stopping mechanics;

f. In failing to maintain the appropriate level of service as required by defendants as a common carrier;

g. In failing to warn passengers, including plaintiff, of the dangers of beverage carts traveling the aisles when placed/seated in an aisle seat and that passengers, including plaintiff, should keep all extremities out of the aisle;

h. In failing to provide adequate passage and/or space on the aircraft for a beverage carts [sic] to travel through the aisles without striking plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 19, including subparagraphs 19(a) through 19(h).

## GENERAL DENIAL

Defendants FRONTIER AIRLINES, INC., INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., and FRONTIER AIRLINES HOLDINGS, INC. deny all allegations of Plaintiff's Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendants FRONTIER AIRLINES, INC., INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., and FRONTIER AIRLINES HOLDINGS, INC. (collectively "Defendants") raise and preserve the following Affirmative Defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2. Plaintiff's claims are barred and/or limited by his failure to name the proper and correct party as a defendant to this action. Indigo Partners, LLC, Frontier Group Holdings, Inc., and Frontier Airlines Holdings, Inc. do not operate any flights and are not properly joined parties to this action. Only Frontier Airlines, Inc., a duly certificated air carrier, operates flights.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole or in part, by *res judicata*, collateral estoppel, waiver, or unclean hands.

5. Plaintiff's claims may be governed, in whole or in part, by the laws of jurisdictions other than Pennsylvania.

6. Plaintiff's claims are preempted, in whole or in part, by federal law.

7. The federal standard of care under 14 C.F.R. § 91.13(a) applies to Defendants.

8. Plaintiff's alleged damages, if any, are barred or limited under applicable law.

9. Plaintiff's alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an act of god for which Defendants are not responsible.

10. Plaintiff's alleged damages, if any, are barred or limited under applicable law due to Plaintiff's failure to mitigate damages.

11. Plaintiff's injuries and damages, if any, were caused in whole or in part, by pre-existing or unrelated medical conditions of Plaintiff.

12. Plaintiff's alleged damages, if any, were caused in whole or in part by the assumption of risk, fault, neglect, want of care, independent, intervening, or superseding acts, or omissions or other culpable conduct of Plaintiff himself for which Defendants are not responsible.

13. Plaintiff's recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of Plaintiff or third parties.

14. Defendants deny that their conduct was a cause or proximate cause of Plaintiff's alleged damages. Plaintiff's alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Defendants have no control or right to control.

15. Plaintiff's claims and recovery, if any, are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Defendants are not responsible.

16. Plaintiff's alleged injuries and damages, if any, were caused or contributed to by the negligence of or other wrongful act or omission of Plaintiff for which Defendants are not liable. In the event Plaintiff recovers damages against Defendants, such recovery must be

reduced by an amount which is equivalent to the proportionate and comparative share of responsibility attributable to the negligence or other conduct of Plaintiff.

17. Plaintiff's recovery, if any, is barred or reduced by his comparative negligence under the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. Section 7102, or such other similar provision that may be applicable under governing choice of law rules.

18. Plaintiff's alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Defendants are not liable. In the event Defendants are found liable to Plaintiff, which Defendants expressly deny, Defendants may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and expressly reserve their right to seek the same.

19. Some or all of Plaintiff's claims may be barred, in whole or in part, because Plaintiff may have already received fill satisfaction for his alleged injuries, if any, and Plaintiff's claims may be barred by such prior release of claims or accord and satisfaction with any entity.

20. If Plaintiff has available to him and has received benefits paid by a collateral source for his injuries and damages, if any, Defendants are entitled to a setoff of these amounts against any amount of damages awarded against it, if any.

21. Plaintiff's claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiff.

22. Plaintiff's claims are barred or limited pursuant to contract.

23. Plaintiff's claims are waived, in whole or in part, pursuant to contract.

24. Defendants have complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

## RESERVATION OF FURTHER DEFENSES

Defendants FRONTIER AIRLINES, INC., INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., and FRONTIER AIRLINES HOLDINGS, INC. reserve the right to supplement and amend their defenses to this action, including their Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

## JURY DEMAND

Defendants FRONTIER AIRLINES, INC., INDIGO PARTNERS, LLC, FRONTIER GROUP HOLDINGS, INC., and FRONTIER AIRLINES HOLDINGS, INC. demand trial by jury.

Date: September 4, 2018

Respectfully Submitted,

COHEN SEGLIAS PALLAS GREENHALL & FURMAN

JURY TRIAL DEMANDED

By: /s/ James McNally
James McNally, Esquire
PA I.D. No. 78341
525 William Penn Place
Suite 3005
Pittsburgh, PA  15219
jmcnally@cohenseglias.com
Counsel for Defendants, Frontier Airlines, Inc., Indigo Partners, LLC, Frontier Group Holdings, Inc., and Frontier Airlines Holdings, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Western District of Pennsylvania, using the CM/ECF System and further certify that I caused a true and correct copy of this document to be served by first class mall, postage prepaid upon the following:

Kevin S. Burger
FRIDAY & COX, LLC
1405 McFarland Road
Pittsburgh, Pennsylvania 15216

**ATTORNEY FOR PLAINTIFF**

/s/ James McNally
James McNally, Esq.

5061378.1