## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YANCEY D. TAYLOR, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: 2:18-cv-01148-MPK |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | Chief Mag. Judge Maureen P. Kelly |
| | ) | |
| *Defendant.* | ) | |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

Plaintiff YANCEY D. TAYLOR ("Plaintiff") and Defendant FRONTIER AIRLINES, INC. ("Frontier"), each by their undersigned counsel, for their Fed. R. Civ. P. 26(f) Report of the Parties, state as follows:

1. ***Identification of counsel and unrepresented parties.*** Set forth the names, addresses, telephone and fax numbers and email addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

> Kevin S. Burger
> FRIDAY & COX, LLC
> 1405 McFarland Road
> Pittsburgh, Pennsylvania 15216
> Phone: (412) 561-4290
> Fax:    (412) 561-4291
> Email: kburger@fridaylaw.com
> ***Counsel for Plaintiff Yancey D. Taylor***
>
> James McNally
> COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.
> 525 William Penn Place, Suite 3005
> Pittsburgh, Pennsylvania 15219
> Phone: (412) 227-5947
> Fax:    (412) 434-5565
> Email: jmcnally@cohenseglias.com
>
> -AND-
>
> Brian T. Maye (attorney admission pending)
> Tara Shelke (attorney admission pending)

ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
         tshelke@amm-law.com
***Counsel for Defendant Frontier Airlines, Inc.***

2.      ***Set forth the general nature of the case***

This is a personal injury case. Plaintiff was a passenger on Frontier Flight 1093 from

Pittsburgh, Pennsylvania to Las Vegas, Nevada on December 5, 2016, and alleges that a flight

attendant struck his right knee with a beverage cart, causing injuries to his knee, head, and neck.

Plaintiff has alleged one count of negligence against Frontier.

***3.      Date Rule 26(f) Conference was held, the identification of those participating
therein and the identification of any party who may not yet have been served or entered an
appearance as of the date of said Conference:***

The parties conducted their Rule 26(f) Conference on Friday, September 21, 2018. Mr.

Burger participated on behalf of Plaintiff and Ms. Shelke participated on behalf of Frontier. All

parties have been served and have entered their appearances.

***4.      Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:***

October 9, 2018 at 1:45 p.m.

***5.      Identify any party who has filed or anticipates filing a dispositive motion
pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be
filed:***

None. Frontier filed its Answer and Affirmative Defenses to Plaintiff's Complaint on

September 4, 2018.

The parties note that Plaintiff also named Indigo Partners, LLC, Frontier Group Holdings,

Inc., and Frontier Airlines Holdings, Inc. as defendants. On September 7, 2018, the parties

entered a Stipulation of Dismissal of Defendants Indigo Partners, LLC, Frontier Group Holdings,

Inc., and Frontier Airlines Holdings, Inc. (Doc. #6.)  On September 7, 2018, this Court entered an Order dismissing Defendants Indigo Partners, LLC, Frontier Group Holdings, Inc., and Frontier Airlines Holdings, Inc. (Doc. #7.)

      **6.**    ***Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation.***

      The parties will likely request a settlement conference with the Court upon completion of Fact Discovery.

      **7.**    ***Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:***

      None.

      8.    ***Subjects on which fact discovery may be needed:***

      The parties anticipate conducting fact discovery on the following subjects: the alleged incident, the subject flight, Frontier's policies and procedures, the medical care provided to Plaintiff onboard Frontier Flight 1093, medical care and treatment Plaintiff has received since the alleged incident, Plaintiff's medical expenses related to the incident, Plaintiff's prior medical history, Plaintiff's employment history, and Plaintiff's alleged injuries and damages.

      9.    ***Set forth suggested dates for the following:***

         a.    ***Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:*** October 22, 2018

         b.    ***Date by which any additional parties shall be joined:*** December 21, 2018

         c.    ***Date by which pleadings shall be amended:*** January 22, 2019

         d.    ***Date by which fact discovery should be completed:*** April 30, 2019

e. ***If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:*** N/A

f. ***Date by which plaintiff's expert reports should be filed:*** the parties elect to schedule the Post-Discovery Status Conference at the conclusion of Fact Discovery.

g. ***Date by which depositions of plaintiff's expert(s) should be completed:*** the parties elect to schedule the Post-Discovery Status Conference at the conclusion of Fact Discovery.

h. ***Date by which defendant's expert reports should be filed:*** the parties elect to schedule the Post-Discovery Status Conference at the conclusion of Fact Discovery.

i. ***Date by which depositions of defendant's expert(s) should be completed:*** the parties elect to schedule the Post-Discovery Status Conference at the conclusion of Fact Discovery.

j. ***Date by which third party expert's reports should be filed:*** the parties elect to schedule the Post-Discovery Status Conference at the conclusion of Fact Discovery.

k. ***Date by which depositions of third party's expert(s) should be completed:*** the parties elect to schedule the Post-Discovery Status Conference at the conclusion of Fact Discovery.

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

None.

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

a. ***ESI.*** Is either party seeking the discovery of ESI in this case?
□    Yes   ✱   No    [If "No," skip to sub-part (e) below.]

b. ***ESI Discovery Plan.*** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    ☐     Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by _____

    ☐     Have developed an ESI discovery plan (as attached).

    ☐     Will have an ESI discovery plan completed by _____

NOTE:  At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI.  If the parties are unable to do so, they should advise the Court promptly.

c.    ***Preservation.***  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

    ☐     Yes    ☐     No

d.    ***ADR.***  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

    ☐     Yes    ☐     No

e.    ***Clawback Agreement.***  The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

    ✖     Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

    ☐     Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

    ☐     Are unable to agree on appropriate non-waiver language.

f.    ***EDSM and E-Mediator.***  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

    ☐     Yes    ✖     No

g.    Other. Identify all outstanding disputes concerning any ESI issues: <u>None.</u>

12.    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

As stated above in response to sub-paragraphs 9.f. through 9.k., the parties elect to schedule the Post-Discovery Status Conference at the conclusion of Fact Discovery.

      a.      *Settlement and/or transfer to an ADR procedure;*

      b.      *Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;*

      c.      *Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;*

      d.      *Dates by which in limine and Daubert motions and responses thereto should be filed;*

      e.      *Dates on which motions in limine and Daubert motions shall be heard;*

      f.      *Dates proposed for final pretrial conference;*

      g.      *Presumptive and final trial dates.*

13.    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

The parties anticipate that during written discovery, they may each produce certain written materials which they believe contain personal health information, trade secrets, proprietary information, or research, technical, commercial, or financial information that the party has maintained as confidential. The parties will agree to, and submit to the Court for approval and entry, a Confidentiality Agreement which will allow them to designate these materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" subject to the terms and conditions set forth in such Confidentiality Agreement.

14.    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

N/A.

15.    If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

N/A.

16.    Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

Yes, the parties have considered the possibility of settlement. Pre-suit, Plaintiff made a written settlement demand to Frontier. Frontier responded that it required additional information regarding Plaintiff's claim, injury, and damages, before it could respond to Plaintiff's settlement demand. The parties now agree that they may be in a position to engage in meaningful settlement discussions upon completion of Fact Discovery.

Date: September 26, 2018                          Respectfully submitted,

**YANCEY D. TAYLOR**                          **FRONTIER AIRLINES, INC.**


By: */s/ Kevin S. Burger*                          By: */s/ James McNally*
       ***Attorney for Plaintiff***                          ***One of the Attorneys for Defendant***

Kevin S. Burger                                   James McNally
FRIDAY & COX LLC                                  COHEN SEGLIAS PALLAS
1405 McFarland Road                               GREENHALL & FURMAN, P.C.
Pittsburgh, Pennsylvania 15216                    525 William Penn Place, Suite 3005
Phone: (412) 561-4290                             Pittsburgh, Pennsylvania
Email: kburger@fridaylaw.com                      Phone: (412) 434-5530
                                                  Email: jmcnally@cohenseglias.com

                                                  -AND-

                                                  Brian T. Maye (attorney admission pending)
                                                  Tara Shelke (attorney admission pending)
                                                  ADLER MURPHY & McQUILLEN LLP
                                                  20 South Clark Street, Suite 2500
                                                  Chicago, Illinois 60603
                                                  Phone: (312) 345-0700
                                                  Email: bmaye@amm-law.com
                                                            tshelke@amm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Western District of Pennsylvania using the CM/ECF system.

By:  ___/s/ James McNally___
**One of the Attorneys for Defendant**
James McNally
COHEN SEGLIAS PALLAS
GREENHALL & FURMAN
525 William Penn Place, Suite 3005
Pittsburgh, Pennsylvania
Phone: (412) 434-5530
Email: jmcnally@cohenseglias.com